IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANICE GORDANIER and FLOYD
GORDANIER, Wife and Husband,

    Plaintiffs,

v.                                                                                 1:15-cv-1084

LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Eleventh Judicial District, County of San Juan, State of New Mexico, Case No. D-1116-CV-2015-01135, to the United States District Court for the District of New Mexico, and states as follows:

### I.    INTRODUCTION

1.    On October 15, 2015, Plaintiffs, Janice Gordanier and Floyd Gordanier ("Plaintiffs" or "Gordaniers"), commenced this action by filing their Complaint for Personal Injury, Breach of Contract, Breach of Duty of Good Faith and for Violation of Insurance Practices Act in the Eleventh Judicial District, County of San Juan, State of New Mexico, Case No. D-1116-CV-2015-01135, against Defendant.

2.    This action arises out of a motor vehicle accident on or about January 23, 2015, between Janice Gordanier and Sharla Beckham, an alleged uninsured motorist. *See* Plaintiffs' Complaint, attached hereto as Exhibit A, ¶¶ 3, 5.

3. Plaintiffs claim that Janice Gordanier sustained personal injury damages as a result of the subject motor vehicle accident including, but not limited to: mental and physical pain and suffering and medical treatment, medical expenses, loss of enjoyment of life, permanent impairment, lost wages, loss of earning capacity, various monetary losses and loss of ability to perform household services. Plaintiffs also claim that Floyd Gordanier sustained loss of household services claims. *Id.*, ¶¶ 8 and 9.

4. Liberty Mutual issued a policy of insurance to the Plaintiffs with uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $75,000. *Id.*, ¶ 12.

5. Plaintiffs allege that their claims have a value that exceeds what Liberty Mutual has offered. *Id.*, ¶ 14.

6. Plaintiffs allege that following the motor vehicle accident, they made a claim for UM/UIM benefits under the Liberty Mutual policy of insurance but Liberty Mutual failed to make reasonable offers to settle the Plaintiffs' claims which constitutes a breach of contract. *Id.*, ¶16.

7. Plaintiffs assert several claims for relief against Liberty Mutual: (1) Breach of Contract, (2) Violations of Unfair Claims Practices Act and (3) Bad Faith. *Id*. at pages 3-4.

## II.   DIVERSITY JURISDICTION

8. In their Complaint, Plaintiffs assert claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive

allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

      A.    **Complete Diversity of Citizenship Exists.**

10.    As alleged in its Complaint, Plaintiffs are residents of San Juan County, State of New Mexico. *See* Complaint ¶ 1.

11.    Liberty Mutual is incorporated under the laws of the State of Wisconsin and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and thus, is deemed to be a citizen of Wisconsin and Massachusetts. 28 U.S.C. § 1322(c)(1).

12.    For purposes of federal diversity jurisdiction, the parties are completely diverse.

      B.    **The Amount in Controversy Exceeds $75,000.**

13.    Although Liberty Mutual contests liability, Plaintiffs seek a monetary judgment against Liberty Mutual that, upon information and belief, exceeds $75,000. Plaintiffs claim that Janice Gordanier sustained personal injury damages and that Floyd Gordanier sustained loss of household services damages. *See* Complaint. Upon information and belief, Plaintiffs sought $59,000 to resolve the UM claim for damages as a result of the subject motor vehicle accident. In addition to the claim for their UM damages, Plaintiffs now also seek damages for Breach of Contract, Bad Faith and Violations under the Unfair Claims Practices Act and punitive damages. *Id.* Plaintiffs further seek pre- and post-judgment interest, costs, attorney's fees and other damages. *See* Complaint. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.   VENUE

15. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.   COMPLIANCE WITH THE RULES

16. All procedural requirements related to the removal of this action have been satisfied.

17. True and correct copies of "all process, pleadings, and orders served upon" Defendant in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

18. Liberty Mutual is timely in filing this Notice of Removal within thirty days after its receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

19. Liberty Mutual has filed a Notice of Filing of Notice of Removal in the pending state court action in the Eleventh Judicial District, County of San Juan, State of New Mexico, Case No. D-1116-CV-2015-01135, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

20. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiffs as specified in the certificate of service. 28 U.S.C. § 1446(d).

21. Pursuant to Fed.R.Civ.P. 81(c), Liberty Mutual will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendant, Liberty Mutual Insurance Company, respectfully requests that the action now pending in the Eleventh Judicial District, County of San Juan, State of New Mexico, Case No. D-1116-CV-2015-01135, be removed therefrom to this Court and that all further proceedings be had in this Court.

> Respectfully Submitted,
>
> SIMONE, ROBERTS & WEISS, P.A.
>
>
> /s/ Meena H. Allen
> MEENA H. ALLEN
> 1700 Louisiana Blvd., N.E., Suite 240
> Albuquerque, NM  87110
> (505) 298-9400
> mallen@srw-law.com
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael Huffaker
The Law Offices of Michael Huffaker, P.C.
500 West Main Street, Suite 200
Farmington, New Mexico 87401
*Attorneys for Plaintiffs*


/s/ Meena H. Allen
Meena H. Allen